## 8097. DALTON EXCELSIOR COMPANY v. KEEBLE.

LUKE, J. 1. In order to ascertain or form an estimate as to the diminished earning capacity of the plaintiff in an action for damages on account of personal injuries, it is not essential that the jury trying the case should have before them the standard mortality tables. *Merchants & Miners Transportation Co.* v. *Corcoran,* 4 *Ga. App.* 654 (62 S. E. 130).

2. A verdict for damages on account of personal injuries can not be held to be excessive when it is not so large as to be manifestly the result of prejudice or bias, or corrupt motive. *Merchants & Miners Transportation Co.* v. *Corcoran,* supra.

3. The excerpts from the charge of the court complained of, when considered in the light of the charge as a whole, are not erroneous.

4. The evidence authorized a verdict in favor of the plaintiff, and this being the second verdict in his favor, and having the approval of the trial court, the judgment overruling the defendant's motion for new trial will not be disturbed.

> *Judgment affirmed. Wade, C. J., and George, J., concur.*
> DECIDED FEBRUARY 16, 1917.

Action for damages; from Whitfield superior court—Judge Fite. December 14, 1915.

*William E. Mann,* for plaintiff in error.
*M. C. Tarver, George G. Glenn,* contra.